UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM JOHNSON,** ) | Case No.  1:15 CV 418 |
| ) | Related Criminal Case No. 1:14 CR 114 |
| Petitioner, ) | |
| ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **MIKE DEWINE, et al.,** ) | |
| ) | |
| Respondents. ) | |

Before the Court is Petitioner William Johnson's Motion for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241 ("Motion") (**Doc. No. 1**).  For the following reasons, Petitioner's Motion is **DENIED**.

**I.**

The following facts are alleged by Johnson.  In July of 2013, Johnson was arrested by the Ohio State Highway Patrol while in possession of  PCP ("State Case").  Johnson was ultimately transported to the Cuyahoga County Jail, where he remained while his State Case was pending.  At the time of his arrest, Johnson was the subject of an outstanding federal warrant which was issued in 2008 ("Federal Case").   In January of 2014, in connection with the State Case, Johnson appeared before the Cuyahoga Common Pleas Court to enter a guilty plea.  He entered a guilty plea and the sentencing hearing was scheduled for a later time.  Then, in June of 2014, Johnson was transported via Writ of Habeas Corpus Ad Prosequendum to appear before this Court for a change of plea hearing in connection with the Federal Case.  Johnson entered a guilty plea and was returned to the custody of the State of Ohio at the Cuyahoga County Jail.  On July 10, 2014,

Johnson was again transported via Writ of Habeas Corpus Ad Prosequendum to this Court for sentencing, at which time the Court imposed a sentence of 135 months in prison.

On July 14, 2014, Johnson appeared before Judge Shirley Saffold for sentencing in the State Case. Judge Saffold sentenced Johnson to eleven years in prison. The journal entry for the sentencing, which Johnson attached to his Motion, specifies that the eleven years is to be "served concurrent with federal sentence 1:1cr114 in a federal institution." (Doc #: 1-2 at 2.) After the sentencing, Johnson was returned to the custody of Cuyahoga County Jail where, according to him, he "languished as a post-sentencing detainee awaiting to be picked up by federal authorities for some two months." (Doc. # 1 at 3). Johnson was eventually transported to the Lake Erie Correctional Institution. Johnson alleges that when he arrived at the Lake Erie Correctional Institution he was informed by officials that he would not be transferred into federal custody "except upon the issuance of a writ commanding such action." (Id.)

On March 3, 2015, Johnson filed *pro se* a Motion for Habeas Corpus Relief pursuant to 28 U.S.C. § 2241. Johnson asks the Court to issue a writ of habeas requiring (1) the Attorney General of Ohio to relinquish its primary jurisdiction to the U.S. Attorney General and (2) the U.S. Attorney General to "accept" Johnson into primary custody. For the following reasons, the Court denies the Motion.

Habeas corpus relief provided by 28 U.S.C. § 2241 is not available to Johnson. By its express terms, § 2241 applies only to persons in federal custody, or to persons held in custody in violation of the U.S. Constitution or federal statute. Johnson is neither; he is in state custody and he has not alleged he is being held illegally or unconstitutionally.

Because Johnson was first arrested by the State of Ohio, Ohio has priority jurisdiction over him. *U.S. v. Warren,* 610 F.2d 680, 685-85 (1980) "The sovereign with priority jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign, [however], [t]his discretionary election is an executive, and not a judicial, function." *Id.* Johnson was properly returned to state custody following the July 10, 2014 sentencing hearing, as he was brought to federal court on a writ. Thus, it is up to Ohio to relinquish custody over Johnson if it wishes to do so.

Johnson recognizes this principle but argues that the Court has power to act because the Attorney General of Ohio has "abused his discretion." (Doc. # 1 at 6). In support of this proposition, Johnson cites *Yeadon v. Warden, FCC Coleman-USP II,* 2011 WL 6099543, * 2 (M.D. FL December 7, 2011). However, in *Yeadon,* the Court determined that the U.S. Attorney General had *not* abused his discretion in maintaining custody of the defendant before returning him to the state.

## II.

Accordingly, Johnson's motion (**Doc #: 1**) is hereby **DENIED**. He is, of course, free to request that State authorities relinquish custody to the U.S. Bureau of Prisons.

**IT IS SO ORDERED.**

                                 */s/ Dan A. Polster    June 18, 2015*
                                 **Dan Aaron Polster**
                                 **United States District Judge**